UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GERALD VON TOBEL, | ) | |
| | ) | |
| Plaintiff, | ) | 3:07-cv-0390-ECR-RAM |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DR. SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983, by Gerald Von Tobel, a prisoner at Nevada's Lovelock Correctional Center. On October 9, 2007, this Court granted plaintiff's application to proceed *in forma pauperis* and required plaintiff to pay an initial installment fee of $3.17. (Docket #3). In the order of October 9, 2007, the Court also screened plaintiff's complaint and determined that it failed to state a cognizable claim for relief. (*Id.*). Plaintiff was granted leave to file an amended complaint to cure the defects in the original complaint. (*Id.*). On January 9, 2008, plaintiff filed an amended complaint. (Docket #7).

I.      **Screening Standards**

The Court must screen plaintiff's amended complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if

the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Amended Complaint (Docket #7)**

Plaintiff brings action against Dr. Scott at the Lovelock Correctional Center, and a "Jane Doe" nurse, also at Lovelock.  This action stems from an incident on June 13, 2007, at which time Dr. Scott removed warts from plaintiff's hands.  Plaintiff asserts an Eighth amendment claim.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a

1  prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310,
2  1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other*
3  *grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross
4  negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v.*
5  *Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis
6  or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242
7  (9th Cir. 1989).

8        In the amended complaint, as in the original complaint, plaintiff alleges that Dr. Scott
9  was negligent in removing warts from his hands.  Plaintiff alleges that on June 13, 2007, his right
10 hand and finger were severely burned due to Dr. Scott's negligent use of a wart-removing chemical.
11 (Am. Compl., at pp. 1-3).  Plaintiff alleges that later that same day, after the procedure, a large blister
12 developed on his right hand and he experienced pain in the hand.  That evening plaintiff reported to
13 the medical department and informed the nurse on duty of the condition of his hand, but the nurse
14 told him that nothing could be done until the next day.  (Am. Compl., at p. 4).  The next day, on June
15 14, 2007, plaintiff returned to the medical department and showed the nurse on duty his right hand,
16 which was swollen with a large blister.  The duty nurse "attended to plaintiff's hand injury and made
17 a medical report."  (*Id.*).  Plaintiff's wound was then wrapped with gauze.  The nurse did not
18 administer pain medication at that time, but told plaintiff that he would be placed on a list to see the
19 doctor.  (*Id.*).  The following day, on June 15, 2007, plaintiff again returned to the medical
20 department and was seen by nurse "Jane Doe," who "immediately treated the wound by cleaning of
21 peeling skin and literally cut away the dead tissue destroyed by defendant Dr. Scott."  (*Id.* at p. 5).
22 Nurse "Jane Doe" then made a medical report, bandaged the wound, and prescribed a pain reliever.
23 (*Id.*).  Plaintiff sought to have his injury photographed, but the request was denied.  (*Id.*).  Plaintiff
24 alleges that from June 16-18, 2007, there were three times when he needed his wound dressing
25 changed, and he complains that nurses issued him gauze bandages and told him to change the
26 dressings on his own.  (Am. Compl., at p. 6).

On June 19, 2007, Dr. Scott treated plaintiff at the medical department. (Am. Compl., at pp. 7-8). Dr. Scott removed the bandage and examined plaintiff's right hand. (*Id.* at p. 7). Plaintiff complains that Dr. Scott bent the fingers of his right hand downward, which caused pain. (*Id.* at pp. 7-8). Dr. Scott announced that plaintiff's finger was fine, because it bent properly. (*Id.* at p. 9). Plaintiff contends that Dr. Scott's actions further injured his hand. (*Id.*). Plaintiff received a medical "lay-in" memo to excuse his absence from work assignments for 19 days. (*Id.* at 9). Plaintiff was also prescribed and received pain medication for his hand. (*Id.*). Plaintiff alleges that "Dr. Scott . . . did not provide medical treatment to the injury received on June 13, 2007 when the skin was destroyed by the excessive use of a chemical agent . . . and allowed plaintiff to suffer for 6 days before re-visiting him on June 19, 2007." (*Id.* at p. 10).

Plaintiff's other allegations belie his claim that he was "allowed [to] suffer" for six days without treatment. Plaintiff plainly alleges that he received medical attention from nurses, including dressing of his wounds, a supply of bandages, and pain reliever. Plaintiff further alleges that he saw Dr. Scott again on June 19, 2007, at which time he was examined, received additional pain medication, and was provided with a medical "lay-in" excuse from his work assignment. Plaintiff has not alleged that Dr. Scott or any other prison staff member acted in deliberate indifference to his medical needs. At best, plaintiff alleges that Dr. Scott was negligent in performing the wart removal on June 13, 2007. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). While it is unfortunate that plaintiff's hand was injured during the wart removal procedure, his allegations do not rise to the level of deliberate indifference to medical needs under the Eighth Amendment. This Court has granted plaintiff the opportunity to amend the complaint and elaborate on his allegations. Still, plaintiff fails to state a colorable claim for a violation of his Eighth Amendment rights and further amendment would be futile. Therefore, the amended complaint will be dismissed, without leave to amend.

### III. Conclusion

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim. The Clerk shall enter judgment accordingly.

Dated this __14th__ day of April, 2008.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE